**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3876-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FENTON J. CARSTARPHEN, a/k/a
FENTON JU CARSTARPHEN,
FENTON J. CARSTARPHEN, JR.,
GERALD CARSTARPHEN,
MICHAEL WATERS, MIKE
FINNEY, FENNY
HOLLINGSWORTH, and
FINNY HOLLINGSWORTH,

     Defendant-Appellant.

_____

Submitted November 28, 2023 – Decided March 14, 2024

Before Judges Gooden Brown and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-04-1087.

Joseph E. Krakora, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Fenton Carstarphen appeals from the August 11, 2022, Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Following a 2016 jury trial, defendant was convicted of first-degree attempted murder, second- and third-degree aggravated assault, second-degree burglary, and related weapons offenses stemming from his brutal attack of his estranged wife. He was sentenced to an aggregate extended term of fifty years' imprisonment, subject to the eighty-five percent parole ineligibility provisions of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. In an unpublished decision, we affirmed defendant's convictions and sentence, and the Supreme Court subsequently denied certification. State v. Carstarphen, No. A-2950-16 (App. Div. Mar. 11, 2019) (slip op. at 20, 22), certif. denied, 239 N.J. 393 (2019).

In our unpublished opinion, we stressed that "the evidence adduced at the trial . . . demonstrate[d] overwhelming proof of guilt." Id. at 4. We recounted the pertinent facts as follows:

On the morning of December 11, 2014, the victim opened the door to the mudroom attached to her house when she unexpectedly saw defendant standing there with a meat cleaver in his hand. He said to her, "[o]h, so you want a divorce?" The victim attempted to go to the back door, but she felt "heavy blows" to the back of her head, and fell to the ground. She was able to get outside to the backyard where she screamed for help. As the attack continued outside, defendant put the meat cle[a]ver in his pocket and took out a folding knife and cut the victim's thigh and attempted to cut her calf. Defendant told the victim they had to go back inside the house; the victim said she could not move, and as defendant went toward her, pretending to help her, he reached down and slit her throat and continued up her face, cutting her lip, nose, and across her left eye.

The victim's neighbor heard the screams, saw the attack, and called 9-1-1. Police arrived and found defendant standing over the victim, who was yelling for help with her hands up and blood coming down her face. The police detained defendant and found the meat cleaver and folding knife. They found a glove and wet pajamas near where the victim was on the ground; the wet pajamas had the odor of lighter fluid. When the police entered the victim's house, they detected the odor of flammable gas, and they noticed it was most potent in the mudroom.

[Id. at 4-5 (first alteration in original).]

Defendant filed a timely pro se PCR petition, which was later supplemented by counsel. In his submissions, among other things, defendant asserted his trial attorney was ineffective by failing to object to the admission of N.J.R.E. 404(b) evidence and failing to request a limiting instruction once the

3

evidence was admitted. Defendant also asserted that counsel's cumulative errors prejudiced him. The evidence at issue were three statements attributed to defendant by the victim. The statements provided background information about the parties' tumultuous relationship and defendant's prior threats. Specifically, the victim testified that defendant had stated: (1) he would burn the house down if he was not living in it; (2) he would assault her if she rejected his 2012 marriage proposal; and (3) he would kick her down a flight of steps.

On the State's pre-trial motion, the trial judge had admitted the prior threats as intrinsic evidence.[1] In his direct appeal, defendant had "assert[ed] that the prior threats were not intrinsic to the crime of attempted murder, and thus, the judge should have undertaken a Cofield[2] analysis and should have provided a limit[ing] instruction." Carstarphen, slip op. at 13. In our decision, we "perform[ed] a Cofield analysis de novo" and concluded that the evidence was admissible under N.J.R.E. 404(b). Carstarphen, slip op. at 14, 20.

We explained:

> The evidence provided "background" and helped to "complete[] the story" between the victim and defendant. See [State v. Rose, 206 N.J. 141, 180

---

[1] The judge had barred the admission of other evidence, including defendant's prior physical assaults of the victim.

[2] State v. Cofield, 127 N.J. 328 (1992).

(2011)] (quoting [United States v. Green, 617 F.3d 233, 248-49 (3d Cir. 2010)]) (concluding that these are other proper purposes for admitting evidence of other prior bad acts under Rule 404(b)). Defendant's threat to burn the house down was especially relevant in light of the lighter fluid-doused pajamas that defendant threw on the victim and the odor of lighter fluid in the house noted by the police officers. Moreover, these threats help prove defendant's motive and intent in attempting to murder the victim.

[Carstarphen, slip op. at 16 (first alteration in original).]

As to the judge's failure to provide a limiting instruction, we noted "[e]ven if the past threats were not intrinsic, they would have been admissible under a Cofield analysis, to which defense counsel consented to their admissibility without the need for a limiting instruction." Carstarphen, slip op. at 20. Thus, we determined there was

no plain error. We reach that conclusion especially because of the overwhelming evidence of guilt. See State v. Prall, 231 N.J. 567, 571-72 (2018) (holding that defendant's convictions would be affirmed despite absence of limiting instruction, use of bad act evidence during summations, and admission of hearsay because errors "were not capable of producing an unjust result because of the overwhelming weight and quality of the evidence against defendant").

[Carstarphen, slip op. at 20.]

Following oral argument, the PCR judge entered an order on August 11, 2022, denying defendant's petition. In a supporting oral decision placed on the

5

record on the same date, the judge reviewed the factual background and procedural history of the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie claim of ineffective assistance of counsel (IAC). The judge also determined defendant was not entitled to an evidentiary hearing. This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT I

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO THE ADMISSION OF HIGHLY INFLAMMATORY STATEMENTS MADE BY HIM ON PRIOR OCCASIONS.

POINT II

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL'S FAILURE TO REQUEST A LIMITING INSTRUCTION AS TO EVIDENCE OF HIS PRIOR INCRIMINATORY STATEMENTS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT III

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT THE COMBINATION OF THE TWO ERRORS COMPLAINED OF IN POINTS ONE AND TWO

6

CREATED CUMULATIVE ERROR CONSTITUTING INEFFECTIVENESS OF TRIAL COUNSEL.

We begin by setting out some guideposts that inform our review. "We review the legal conclusions of a PCR judge de novo." State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010). "[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354

(2013) (alteration in original) (quoting R. 3:22-10(b)); see R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory or speculative"). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

To establish a prima facie IAC claim, a defendant must demonstrate "by a preponderance of the credible evidence," State v. Echols, 199 N.J. 344, 357 (2009), that his or her attorney's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been different without the purported deficient performance. Stated differently, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.

A-3876-21

"[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. As such, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

To satisfy the prejudice prong, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694). This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing Echols, 199 N.J. at 358). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted) (citing Strickland, 466 U.S. at 697).

A-3876-21

Applying these principles, we reject defendant's contentions based solely on defendant's inability to establish the prejudice prong. We therefore dismiss defendant's claims "without determining whether counsel's performance was constitutionally deficient" in any respect. Ibid. As the PCR judge aptly stated:

> [E]ven if trial counsel objected to the introduction of evidence, as [N.J.R.E.] 404(b) evidence and not intrinsic evidence, or sought [a ]limiting instruction, viewing the case under the harmful error standard, the overwhelming evidence against . . . defendant would still have resulted in his conviction, i.e., there is no reasonable probability that but for counsel's purported unprofessional errors the result of the proceeding would have been different; therefore, trial counsel was not ineffective for failing to object or otherwise request a limiting instruction under the Strickland standard . . . .

Indeed, the second prong of the Strickland/Fritz test "is an exacting standard" and "'[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" State v. Allegro, 193 N.J. 352, 367 (2008) (alteration in original) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)). No such showing has been made here.

A-3876-21

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Because we conclude defendant was not prejudiced by any of his attorney's purported deficiencies, his cumulative error argument also fails.

A-3876-21